
IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**GUIDELINES FOR TRIAL AND FINAL PRETRIAL CONFERENCE**

**IN CIVIL JURY CASES**

**BEFORE THE HONORABLE JEFFREY S. WHITE**

**FINAL PRETRIAL CONFERENCE**

1.  Counsel shall not prepare a joint pretrial conference statement, nor invest time on deposition designations or extracts from interrogatories or requests for admissions at the pretrial conference stage. Instead, please follow the following procedures:

    (a)  In lieu of preparing a joint pretrial conference statement, the parties shall meet and confer in person and prepare a jointly signed proposed final pretrial order to be filed fourteen (14) calendar days in advance of the final pretrial conference: This joint pretrial conference statement should contain: (i) a brief description of the substance of claims and defenses which remain to be decided; (ii) a statement of all relief sought; (iii) all stipulated facts; (iv) a list of all factual issues that remain to be tried, stating the issues with the same generality/specificity as any contested elements in the relevant jury instructions and organized by counts; (v) a joint exhibit list in numerical order, including a brief description of the exhibit and Bates numbers, a blank column for when it will be offered into evidence, a blank column for when it may be received into evidence, and a blank column for any limitations on its use; and (vi) each party's separate witness list for its case-in-chief witnesses (including those appearing by

deposition) providing, for all such witnesses other than an individual plaintiff and an individual defendant, a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer. If non-cumulative testimony is not spelled out, the Court will presume the witness is cumulative. For each witness, state an hour/minute time estimate for both direct and cross examination. Items (v) and (vi) should be appendices to the proposed order. The proposed order should also state which issues, if any, are for the Court to decide, rather than the jury. The objective is to convert the proposed order to a final order with the benefit of any discussion at the final pretrial conference.

    (b)    In addition to the joint pretrial statement, fourteen (14) days in advance of the final pretrial conference, the parties shall also file the following:

        (i)    A joint set of proposed instructions on substantive issues of law arranged in a logical sequence. If undisputed, an instruction shall be identified as "Stipulated Instruction No. _____ Re _____," with the blanks filled in as appropriate. Even if stipulated, the instruction shall be supported by citation. If disputed, each version of the instruction shall be inserted together, back to back, in their logical place in the overall sequence. Each such disputed instruction shall be identified as, for example, "Disputed Instruction No. _____ Re _____ Offered by _____," with the blanks filled in as appropriate. All disputed versions of the same basic instruction shall bear the same number. Citations with pin cites are required. Any modifications to a form instruction must be clearly identified, *i.e.* in bold or italics. If a party does not have a counter version and simply contends that no such instruction in any version should be given, then that party should so state (and explain why) on a separate page inserted in lieu of an alternate version. With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the *Ninth Circuit Manual of Model Jury Instructions (Civil)*, except the

instruction on a simplified statement of the case (No. 1.2 in the 1997 edition). Other than citing the numbers, the parties shall not include preliminary, general or concluding instructions in the packet, but shall include the full text of these instructions on the disk required by Paragraph 2 of this Order.

        (ii)    A separate memorandum of law in support of each party's disputed instructions, organized by instruction number. Please quote exact, controlling passages from the authorities, without ellipses, and give pin cites.

        (iii)    A joint set of proposed voir dire questions supplemented as necessary by separate requests for good cause only. (Keep these to a minimum, please.)

    (c)    Any motions *in limine* shall be submitted as follows: At least thirty (30) calendar days before the Final Pretrial Conference, the moving party shall serve, but not file, the opening brief. At least twenty (20) calendar days before the Final Pretrial Conference, the responding party shall serve the opposition. There will be no reply.

When the oppositions are received, the parties should collate the motions and the oppositions together for inclusion in a binder, as set forth below, and then shall file the moving papers and the opposition briefs no later than fourteen (14) calendar days before the conference. Each motion should be presented in a separate memo and properly identified, for example, "Plaintiff's Motion in Limine No. 1 to Exclude . . . ." Please limit motions *in limine* to circumstances that really need a ruling in advance. Usually five or fewer motions per side is sufficient. Each motion should address a single, separate topic, and contain no more than seven pages of briefing per side. Leave of Court will be required to file more than five motions or to exceed the page limitations. A binder containing all motions in limine should be submitted to the Clerk's office in an envelope clearly marked with the case number and "JSW chambers copy."

1          (d)    Trial briefs are most helpful to the Court on any controlling issues
of law and shall be filed with the motions *in limine*.

2.    The joint proposed final pretrial order and instructions shall be submitted on a 3-3/4-inch disk in WordPerfect 10.0 format, as well as in hard copies. All hard-copy submissions should be submitted in a binder to the Clerk's office in an envelope clearly marked with the case number and "JSW chambers copies".

3.    At the final pretrial conference, the above submissions shall be considered and argued. The parties shall submit a joint summary of all rulings in proposed order format.

## PRETRIAL ARRANGEMENTS

4.    Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with the Supervisor of the Court Reporting Services, at (415) 522-2079, at least ten calendar days prior to the trial date.

5.    During trial, counsel may wish to use overhead projectors, laser-disk/computer graphics, poster blow-ups, models or specimens of devices. If monitor screens are used, there should be a single large screen (not multiple small screens) viewable by the jury, the Court and the witness. It should be large and bright enough to be seen when placed on the opposite side of the courtroom from the jury. If counsel cannot conveniently see the screen, counsel may have a small monitor at counsel table. If both overhead projector and video equipment are to be used, a single projection screen is best, thus requiring a projection-type video rather than a monitor. If video equipment is used, equipment capable of instantly accessing the relevant portions of transcripts and graphics should be used (rather than, for example, raw video tapes made at depositions which take time to forward or to rewind). Equipment should be shared by all counsel to the maximum extent possible. The Court provides no equipment other than an easel. The United States Marshal requires a court order to allow equipment into the courthouse. For electronic equipment, parties should be prepared to maintain the equipment or have a technician handy at all times. For overhead projectors, the parties shall provide a spare bulb. The parties shall tape extension cords to the carpet for safety. The parties shall disassemble and store all

4

equipment in the courtroom at the end of each court day. The parties may work with the deputy clerk, Jennifer Ottolini (415-522-4173), on all courtroom-layout issues.

## SCHEDULING

6. Trial normally will be conducted from 8:30 a.m. to 1:30 p.m. (or slightly longer to finish a witness) with two fifteen-minute breaks, Monday through Thursday, excluding holidays. Counsel must arrive by 8:15 a.m., or earlier as needed for any matters to be heard out of the presence of the jury. The jury will be called at 8:30 a.m. This schedule may be modified at the discretion of the Court.

## THE JURY

7. The parties shall include with their joint pretrial conference statement a simplified statement of the case to be read to the jury during voir dire and as part of the proposed jury instructions. Unless the case is extremely complex, this statement should not exceed one page. The Court will usually conduct the voir dire.

8. In civil cases, there are no alternate jurors and the jury is selected as follows: The jurors will be given consecutive numbers and shall be seated by juror number. Jurors 1 through 18 are seated in the jury box. The remaining venire will be seated in the public benches. Hardship excuses will usually be considered at this point. The Court will then ask questions to the entire venire. The lawyers, at a side bar conference, will then advise if there are follow-up questions. For good cause, counsel may also ask questions of jurors at side bar. Challenges for cause will then be addressed. After a short recess, each side may exercise its allotment of peremptory challenges. Challenges must be made simultaneously in writing by each side (without knowing how the other side is exercising its challenges). The parties will write down the names and numbers of the candidates to be stricken. The eight (or other such size as will constitute the jury) surviving the challenge process with the lowest numbers become the final jury. For example, if the plaintiff strikes 1, 5 and 7 and the defendant strikes 2, 4 and 9, then 3, 6, 8, 10, 11, 12, 13 and 14 become the final jury. If both sides strike one or more of the same jurors, then the eight unstruck jurors with the lowest numbers will be seated. If more than eight jurors (or fewer) are to be seated, then the starting number will be adjusted. So too if more than

1  a total of six peremptories is allowed. Once the jury selection is completed, the jurors' names
2  will be read again and they will be seated in the jury box and sworn. The Court may alter the
3  procedure in its discretion.

4      9.    Jurors may take notes. Note pads will be distributed at the beginning of each
5  trial. The note pads will be collected at the end of each day and locked in the jury room. Jurors
6  will be instructed on the use of notes both in the preliminary and final jury instructions.

7      10.    The Court may permit the jury to pose written questions to witnesses.

## GENERAL DECORUM

11. A trial is a rational and civilized inquiry to seek a just result. Counsel are expected to conduct themselves with dignity and decorum at all times. Disruptive tactics or appeals to prejudice are not acceptable.

12. Colloquy between counsel on the record is not permitted -- all remarks are to be addressed to the Court.

13. Vigorous advocacy does not preclude courtesy to opposing counsel and witnesses and respect for the Court. Addressing witnesses or parties by first names or the Court by "Judge" or "Sir" on the record is not appropriate.

14. Counsel shall not engage in activity at counsel table or move about the courtroom while opposing counsel is arguing or questioning witnesses, or in other ways cause distraction. Neither counsel nor client should indicate approval, disapproval or otherwise react to any testimony or argument.

## OPENING STATEMENTS

15  Each side will have a predetermined time limit for its opening statement. Counsel must cooperate and meet and confer to exchange any visuals, graphics or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions.

6

Opening statements will commence as soon as the jury is sworn. Opening statements should be limited to an objective summary of what counsel expects the evidence to show; no argument or discussion of the law is permissible.

**WITNESSES**

16. At the close of each trial day, all counsel shall exchange a list of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment). The first notice shall be exchanged prior to the first day of trial. All such notice should be provided in writing.

17. The parties shall have all upcoming witnesses on the same day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually be deemed to constitute resting. If counsel plans to read in a transcript of a deposition, counsel must have a deposition prepared and vetted early on to read into the record.

18. A witness or exhibit not listed in the joint pretrial statement may not be used without good cause. This rule does not apply to true rebuttal witnesses (other than rebuttal experts who must be listed). Defense witnesses are considered case-in-chief witnesses, not "rebuttal" witnesses.

19. When there are multiple parties, counsel are responsible for coordination of cross-examination to avoid duplication. If there are multiple parties on a side, counsel for only one party may cover a subject matter; reiteration of the examination, whether direct or cross, will not be permitted.

20. Counsel shall stand at or near the podium to ask questions, straying only to point out material on charts or overheads. Counsel should request permission from the Court to approach the witness or the bench.

21. Counsel shall treat witnesses with courtesy and respect, and not become familiar (*e.g.*, avoiding the use of first or nick-names).

22. Counsel shall pose brief, direct and simply stated questions, covering one point at a time. Leading questions may be used for background or routine matters.

23. Cross-examination similarly should consist of brief, simple questions. Cross-examination should not be a restatement of the direct examination and should not be used for discovery.

## EXPERTS

24. At trial, direct testimony of experts will be limited to the matters disclosed in their reports. Omitted material may not ordinarily be added on direct examination. Illustrative animations, diagrams, charts and models may be used on direct examination only if they were part of the expert report, with the exception of simple drawings and tabulations that plainly illustrate the content of the report, which can be drawn by the witness at trial or otherwise shown to the jury. If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or re-direct examination. By written stipulation, all parties may relax these requirements. The Court will not permit Federal Rule of Evidence 703 to be used to admit otherwise inadmissible evidence through the expert (*i.e.*, through the "back door"). At its discretion, the Court may require the parties' expert witnesses to testify immediately following one another, with appropriate explanatory instructions to the jury.

25. As to damages studies, the cut-off date for *past damages* will be as of the expert report (or such earlier date as the expert may select). In addition, the experts may try to project *future damages* (*i.e.*, after the cut-off date) if the substantive standards for future damages can be met. With timely leave of Court or by written stipulation, the experts may update their reports (with supplemental reports) to a date closer to the time of trial.

## USE OF DEPOSITIONS TO IMPEACH AND SHORT READ-INS

26. Depositions can be used at trial to impeach a witness testifying at trial or, in the case of a party deponent, "for any purpose." The parties shall abide by the following procedure:

    (a) On the first day of trial, counsel shall bring the original and clean copies of any deposition(s) intended to be used during the course of the trial. Any corrections must be readily available. If counsel need to use the deposition

during a witness examination, they shall provide the Court with a copy and with any corrections at the outset of the examination. This will minimize delay between the original question and the read-ins of the impeaching material. Opposing counsel should have their copy immediately available.

(b) When counsel reads a passage into the record, counsel should seek permission from the Court. For example, counsel should state: "I wish to read in page 210, lines 1 to 10 from the witness' deposition." A brief pause will be allowed for any objection.

(c) The first time a deposition is read, counsel shall state the deponent's name, the date of the deposition, the name of the lawyer asking the question, and if it was a Federal Rule of Civil Procedure 30(b)(6) deposition. The first time a deposition is read, the Court will give an appropriate explanation to the jury about depositions. Do not embellish the deposition testimony with follow-on questions.

(d) When reading in the passage, counsel shall state "question" and then read the question exactly, followed by, "answer" and then read the answer exactly. Stating "question" and "answer" is necessary so the jury and the court reporter can follow who was talking at the deposition. Once the passage is on the record, move on. Opposing counsel may then immediately ask to read such additional testimony as is necessary to complete the context.

(e) To avoid mischaracterizing the record, counsel should not ask, "Didn't you say XYZ in your deposition?" It is unnecessary to ask a witness if he "recalls" the testimony or otherwise to lay a foundation.

(f) Subject to Federal Rule of Evidence 403, party depositions may be read into the record whether or not they contradict (and regardless of who the witness is on the stand). For example, a short party deposition excerpt may be used as foundation for questions for a different witness on the stand.

### DEPOSITION DESIGNATION

27.   The following procedure applies only to witnesses who appear by deposition. It does not apply to live witnesses whose depositions are read into the record while they are on the stand. To save time and avoid unnecessary work, it is not necessary to make all deposition designations before trial. Instead, the following steps should be followed:

   (a)   To designate deposition testimony, counsel shall photocopy the cover page, the page where the witness is sworn, and then each page containing any testimony to be proffered, with lines through portions of such pages not proffered. In addition, counsel shall line through objections or colloquy unless they are needed to understand the question. Any corrections must be interlineated and references to exhibit numbers must conform to the trial numbers. Such interlineations should be done by hand. The finished packet should then be the actual script and should smoothly present the identification and swearing of the witness and testimony desired. The packet must be provided to all other parties at least five calendar days before it will be used in court. For the rare case of voluminous designations, more lead time will be required. Counsel are advised to be reasonable.

   (b)   All other parties must promptly review the packet and highlight in yellow any passages objected to and write in the margin the legal basis for the objections. If a completeness objection is made, the objecting party must insert into the packet the additional passages as needed to cure the completeness objection. A completeness objection generally should be made only if a few extra lines will cure the problem. Such additions shall be highlighted in pink and an explanation for the inclusion shall be legibly handwritten in the margin. Counsel must line out or x-out any irrelevant portions of the additional pages.

   (c)   The packets, as adjusted, must then be returned to the proffering party, for consideration of whether to accept the adjustments. The parties shall meet and confer. Counsel for the proffering party must collate and assemble a

final packet that covers the proffer and all remaining issues. At least two calendar days before the proffer will be used, the proponent must provide the Court with the final packet, with any objected-to portions highlighted and annotated as described above. For the rare case of voluminous designations, more lead time will be required. If exhibits are needed to resolve the objections, counsel should include copies, and highlight and tag the relevant passages. Counsel should alert the Court on the record that the packet is being provided and advise as to whether any rulings are needed. If so, the Court will then read the packet and indicate its rulings in the margin in a distinctive manner. Ordinarily, argument will not be needed.

(d) Counter-designations must be made by providing a packet with the counter-designated passages to the proponent at the same time any objections to the original proffer are returned to the first proffering party, who must then supply its objections in the same manner.

(e) When the packet is read to the jury, the examiner shall read the questions (and any relevant colloquy) from the lectern while a colleague sits in the witness stand and reads the answers. While reading the deposition the reader and "witness" shall refrain from undue emoting, emphasis or other dramatization. The same procedure shall be followed when a video-taped deposition is to be played instead, in order to facilitate rulings on objections. The video should omit any dead time, long pauses, and objections/colloquy not necessary to understand the answers.

**REQUESTS FOR ADMISSIONS AND INTERROGATORIES**

28. Please designate responses to requests for admissions and interrogatory answers in the same manner and under the same timetable as deposition designations.

**EXHIBITS**

29.  Prior to the final pretrial conference, counsel must meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over the precise exhibit.

30.  Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions. Blocks of numbers should be assigned to fit the need of the case (*e.g.*, Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once, just as it should have been marked only once in discovery pursuant to this Court's discovery guidelines). If the plaintiff has marked an exhibit, then the defendant should not re-mark the exact document with another number. Different *versions* of the same document, *e.g.*, a copy with additional handwriting, must be treated as different exhibits with different numbers. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. \_\_\_\_\_," not as "Plaintiff's Exhibit" or "Defendant's Exhibit." If an exhibit number differs from that used in a deposition transcript, then the latter transcript must be conformed to the new trial number if and when the deposition testimony is read to the jury (so as to avoid confusion over exhibit numbers). The jury should always hear any given exhibit referred to by its unique number. There should be no competing versions of the same exhibit number; any discrepancies must be brought to the Court's attention promptly.

31. The exhibit tag shall be in the following form:

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TRIAL EXHIBIT 100

CASE NO. _____

DATE ENTERED _____

BY _____
         DEPUTY CLERK
```

Counsel preferably will make the tag up in a color that will stand out (yet still allow for photocopying) but that is not essential. Place the tag on or near the lower right-hand corner or, if a photograph, on the back. Counsel should fill in the tag but leave the last two spaces blank. The parties must jointly prepare a *single* set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal. Each exhibit must be tagged and in a separate folder (not in notebooks). Deposit the exhibits with the deputy clerk on the first day of trial. The tags can be adhesive or stapled on.

32. Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If there are any differences, counsel should bring them promptly to the Court's attention.

33. In addition to the official record exhibits, two copies of the joint sent of bench binders containing a copy of the exhibits must be provided to the Court on the first day of trial. Each exhibit must be separated with a label divider (an exhibit tag is unnecessary for the bench set). In large letters, the labels should identify the range of exhibit numbers contained in a binder.

34. Before the closing arguments, counsel must confer with the deputy clerk to make sure the exhibits in evidence are in good order. Counsel may, but are not required to, jointly

13

provide a revised list of all exhibits actually in evidence (and no others) stating the exhibit number and a brief, non-argumentative description (*e.g.*, letter from A. B. Case to D. E. Frank, dated August 17, 1999). This list may go into the jury room to help the jury sort through exhibits in evidence.

35. Exhibit notebooks for the jury will not be permitted. Publication must be by poster blow-up, overhead projection, or such other method as is allowed in the circumstances. Poster blow-ups should be about 4' x 6' to be seen by all jurors. Any overhead projector should have a powerful light to help in jury viewing. Counsel must have a practical means for all important documents to be published to the jury. It is permissible to highlight, circle or underscore in the enlargements so long as it is clear that it was not on the original. The Court will not allow monitors and screens in the jury box — one large monitor or screen, if any, should be used.

### OBJECTIONS

36. Counsel shall stand when making objections and shall not make speaking objections.

37. There can only be one lawyer per witness per party for all purposes, including objections. Only one lawyer will be permitted to make the opening statement and closing argument unless the Court has given prior approval to more than one lawyer doing so.

38. Side bar conferences are discouraged. The procedure described above should eliminate the need for most side bar conferences. If a lawyer requests and the Court agrees to a side bar, the side bar will be charged to that lawyer's time allotment.

39. To maximize jury time, counsel must alert the Court in advance of any problems that will require discussion outside the presence of the jury, so that the conference can be held before court begins or after the jury leaves for the day.

### STIPULATIONS

40. You must read all stipulations to the jury (slowly) in order for them to become a part of the record.

## TIME LIMITS

41. Ordinarily, the Court shall set fixed time limits at the final pretrial conference. All of your examination time (whether direct, cross, re-direct or re-cross) for all witnesses and side bar conference time (as specified above) must fit within your time limit and you may allocate it as you wish. Opening and closing time limits shall be considered separately. Counsel must keep track of everyone's usage. At the end of each day, counsel must confer over the time used and the time remaining for all parties and advise the Court daily. The time taken at a side bar or on objections will still be charged to the examining party unless otherwise ordered.

## CHARGING CONFERENCE

42. As the trial progresses and the evidence is heard, the Court will fashion a comprehensive set of jury instructions to cover all issues actually being tried. Prior to the close of the evidence, the Court will provide a draft final charge to the parties. After a reasonable period for review, one or more charging conferences will be held at which each party may object to any passage, ask for modifications, or ask for additions. Any instruction request must be renewed specifically at the conference or it will be deemed waived, whether or not it was requested prior to trial. If, however, a party still wishes to request an omitted instruction after reviewing the Court's draft, then it must affirmatively re-request it at the charging conference in order to give the Court a fair opportunity to correct any error. Otherwise, as stated, the request will be deemed abandoned or waived.

## SETTLEMENTS AND CONTINUANCES

43. Shortly before trial or the final pretrial conference, counsel occasionally wish jointly to advise the clerk that a settlement has been reached and seek to take the setting off calendar but it turns out later that there was only a settlement "in principle" and disputes remain. Cases, however, cannot be taken off calendar in this manner. Unless and until a stipulated dismissal or judgment is filed or placed on the record, all parties must be prepared to proceed with the final pretrial conference as scheduled and to proceed to trial on the trial date, or face dismissal of the case for lack of prosecution or entry of default judgment. Only an

advance continuance expressly approved by the Court will release counsel and the parties from their obligation to proceed. If counsel expect that a settlement will be final by the time of trial or the final pretrial conference, they should notify the Court immediately in writing or, if it occurs over the weekend before the trial or conference, by voice mail to the deputy clerk. The Court will attempt to confer with counsel as promptly as circumstances permit to determine if a continuance will be in order. Pending such a conference, however, counsel must prepare and make all filings and be prepared to proceed with the trial.

44. Local Rule 40-1 provides that jury costs may be assessed as sanctions for failure to provide the Court with timely written notice of a settlement. Please be aware that any settlement reached on the day of trial, during trial, or at any time after the jury or potential jurors have been summoned without sufficient time to cancel, will normally require the parties to pay juror costs.

**IT IS SO ORDERED.**

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7/06 Rev.