IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**GUIDELINES FOR MOTIONS, FINAL PRETRIAL CONFERENCE, AND TRIAL**

**IN CRIMINAL CASES BEFORE THE HONORABLE JEFFREY S. WHITE**

**MOTIONS**

1.      All motions, except those pertaining to sentencing, shall be filed at least thirty-five (35) calendar days in advance of the hearing date.  Opposition briefs shall be filed at least twenty-one (21) calendar days in advance of the hearing date.  Reply briefs shall be filed at least fourteen (14) calendar days in advance of the hearing date.

Motions for or relating to sentencing (*e.g.* under *Blakely v. Washington*, 542 U.S. 296 (2004), or *United States v. Ameline,* 376 F.3d 967 (9th Cir. 2004)) shall be filed at least seven (7) calendar days before the date on which Judgment and Sentencing is scheduled.  Responses or objections to motions relating to sentencing shall be filed at least five (5) calendar days before the date on which Judgment and Sentencing is scheduled.

**Courtesy copies of all briefs shall be delivered to the Clerk's Office in an envelope clearly marked with the case number, and "JSW Chamber's Copy."**

2.      **Motions or Stipulations to Continue** any proceeding on the Court's criminal calendar, except a trial, shall be submitted to the Court no later than 2:30 p.m. the day **before** the proceeding is to be heard.  Motions to continue a trial date shall be filed no later than seven (**7**) calendar days prior to the trial date.  Any opposition to a motion to continue trial shall be filed no later than (**5**) days prior to the trial date.  Such motions will only be granted in extraordinary cases involving unforeseen circumstances and extremely good cause.

United States District Court

For the Northern District of California

3.  **Motions in Limine** shall be submitted as follows: At least thirty (30) calendar days before the Final Pretrial Conference, the moving party shall serve, but not file, the opening brief. At least twenty (20) calendar days before the Final Pretrial Conference, the responding party shall serve the opposition. There will be no reply.

When the oppositions are received, the parties should collate the motions and the oppositions together for inclusion in a binder, as set forth below, and then shall file the moving papers and the opposition briefs no later than fourteen (14) calendar days before the conference. Each motion should be presented in a separate memo and properly identified, for example, "Defendant's Motion in Limine No. 1 to Exclude . . . ." Please limit motions *in limine* to circumstances that really need a ruling in advance. Usually five or fewer motions per side is sufficient. Each motion should address a single, separate topic, and contain no more than seven pages of briefing per side. Leave of Court will be required to file more than five motions or to exceed the page limitations. A binder containing all motions in limine should be submitted to the Clerk's office in an envelope clearly marked with the case number and "JSW chambers copy."

4.  All motions and oppositions to motions shall comply with Criminal Local Rule 47-2(b), which requires that motions "presenting issues of fact ... be supported by affidavits or declarations which comply with the requirements of Civil Local Rule 7-5." Civil Local Rule 7-5, in turn, requires that "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record." Moreover, other evidence in support of or in opposition to any motion "must be appropriately authenticated by an affidavit or declaration." That rule further requires that affidavits and declarations contain factual contentions only, avoiding conclusions and legal argument, and "conform as much as possible to the requirements of Federal Rule of Civil Procedure 56(e)."

In accordance with Civil Local Rule 7-5, made applicable by Criminal Local Rule 47-2(b), any declaration or affidavit that does not comply with these requirements may be stricken.

5.  Ex Parte Rule 17(c) Subpoena Requests: Before a defendant's ex parte application for document subpoena(s), made pursuant to Federal Rule of Criminal Procedure 17(c) may be

2

United States District Court
For the Northern District of California

1  granted, defendant is required to demonstrate that proceeding ex parte is "necessary to preserve

2  the defendant's overriding constitutional rights" because to do otherwise would "reveal[] his trial

3  strategy." *See United States v. Tomison*, 969 F. Supp. 587, 595 (E.D. Cal. 1997).  In addition,

4  defendant is required to show that the information sought is: (1) relevant; (2) admissible; and (3)

5  specifically identified. *United States v. Nixon*, 418 U.S. 683, 700 (1974).  If the defendant seeks

6  production in advance of trial, he or she is required to demonstrate good cause for advance

7  production. *See id.*

8        If the defendant is able to make the requisite showing above, Rule 17(c) requires

9  production of the documents to the Court, not to the defendant.  The Court will review the

10  materials to determine whether they are responsive to the subpoena(s).  Following the Court's

11  determination, both parties will be entitled to inspect the responsive materials unless defendant is

12  able to demonstrate an overriding need for confidentiality. *See Tomison*, 969 F. Supp. at 597.

13        Applications which do not include the above showing will be denied.

14                              **FINAL PRETRIAL CONFERENCE**

15  6.      Fourteen (14) days in advance of the Final Pretrial Conference, the parties shall file

16  a joint pretrial conference statement in accordance with Criminal Local Rule 17-1(b).

17  7.      In addition to the joint pretrial conference statement, the parties shall file the

18  following:

19        (a)      a joint exhibit list in numerical order, including a brief description of the exhibit

20  and Bates numbers, a blank column for when it will be offered into evidence, a blank column for

21  when it may be received into evidence, and a blank column for any limitations on its use;

22        (b)      each party's separate witness list for its case-in-chief witnesses.  For each

23  witness, state an hour/minute time estimate for the direct examination (only).

24        (c)      a joint set of proposed instructions on substantive issues of law arranged in a

25  logical sequence.  If undisputed, an instruction shall be identified as "Stipulated Instruction No.

26  ____ Re _____," with the blanks filled in as appropriate.  Even if stipulated, the

27  instruction shall be supported by citation.  If disputed, each version of the instruction shall be

28  inserted together, back to back, in their logical place in the overall sequence.  Each such disputed

1  instruction shall be identified as, for example, "Disputed Instruction No. _____ Re _____

2  Offered by _____," with the blanks filled in as appropriate. All disputed versions

3  of the same basic instruction shall bear the same number. Citations with pin cites are required.

4  Any modifications to a form instruction must be clearly identified, *i.e.* in bold or italics. If a

5  party does not have a counter version and simply contends that no such instruction in any version

6  should be given, then that party should so state (and explain why) on a separate page inserted in

7  lieu of an alternate version. With respect to form preliminary instructions, general instructions,

8  or concluding instructions, please simply cite to the numbers of the requested instructions in the

9  current edition of the *Ninth Circuit Manual of Model Jury Instructions* (*Criminal*). Other than

10  citing the numbers, the parties shall not include preliminary, general or concluding instructions

11  in the packet, but shall include the full text of these instructions on the disk required by

12  Paragraph 8.

13      (d)    A separate memorandum of law in support of each party's disputed instructions,

14  organized by instruction number. Please quote exact, controlling passages from the authorities,

15  without ellipses, and give pin cites.

16      (e)    A joint set of proposed voir dire questions supplemented as necessary by separate

17  requests for good cause only. (Keep these to a minimum, please.)

18      8.    The jury instructions shall be submitted on a 3-3/4-inch disk in WordPerfect 10.0

19  format, as well as in hard copies. All hard-copy submissions should be submitted in a binder to

20  the Clerk's office in an envelope clearly marked with the case number and "JSW chambers

21  copies."

22      9.    At the Final Pretrial Conference, the above submissions shall be considered and

23  argued. The parties shall submit a joint summary of all rulings in proposed order format.

### PRETRIAL ARRANGEMENTS

25      10.    Should a daily transcript and/or real-time reporting be desired, the parties shall

26  make arrangements with the Supervisor of the Court Reporting Services, at (415) 522-2079, at

27  least ten calendar days prior to the trial date.

28

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

11.     During trial, counsel may wish to use overhead projectors, laser-disk/computer graphics, poster blow-ups, models or specimens of devices. If monitor screens are used, there should be a single large screen (not multiple small screens) viewable by the jury, the Court and the witness. It should be large and bright enough to be seen when placed on the opposite side of the courtroom from the jury. If counsel cannot conveniently see the screen, counsel may have a small monitor at counsel table. If both overhead projector and video equipment are to be used, a single projection screen is best, thus requiring a projection-type video rather than a monitor. If video equipment is used, equipment capable of instantly accessing the relevant portions of the video should be used (rather than, for example, raw video tapes which take time to forward or to rewind). Equipment should be shared by all counsel to the maximum extent possible. The Court provides no equipment other than an easel. The United States Marshal requires a court order to allow equipment into the courthouse. For electronic equipment, parties should be prepared to maintain the equipment or have a technician handy at all times. For overhead projectors, the parties shall provide a spare bulb. The parties shall tape extension cords to the carpet for safety. The parties shall disassemble and store all equipment in the courtroom at the end of each court day. The parties may work with the deputy clerk, Jennifer Ottolini (415-522-4173), on all courtroom-layout issues.

## SCHEDULING

12.     Trial normally will be conducted from 8:30 a.m. to 1:30 p.m. (or slightly longer to finish a witness) with two fifteen-minute breaks, Monday through Thursday, excluding holidays. Counsel must arrive by 8:15 a.m., or earlier as needed for any matters to be heard out of the presence of the jury. The jury will be called at 8:30 a.m. This schedule may be modified at the discretion of the Court.

## THE JURY

13.     No later than on the first day of trial, counsel shall jointly submit a simplified statement of the case to be read to the jury during voir dire and as part of the proposed jury instructions. Unless the case is extremely complex, this statement should not exceed one page. The Court will usually conduct the voir dire.

United States District Court
For the Northern District of California

14.     In criminal cases, there are two alternate jurors and the jury is selected as follows: The jurors will be given consecutive numbers and shall be seated by juror number. Jurors 1 through 18 are seated in the jury box. The remaining venire will be seated in the public benches. Hardship excuses will usually be considered at this point. The Court will then ask questions to the entire venire. The lawyers, at a side bar conference, will then advise if there are follow-up questions. For good cause, counsel may also ask questions of jurors at side bar. Challenges for cause will then be addressed. After a short recess, each side may exercise its allotment of peremptory challenges. Challenges must be made simultaneously in writing by each side (without knowing how the other side is exercising its challenges). The parties will write down the names and numbers of the candidates to be stricken. The fourteen surviving the challenge process with the lowest numbers become the final jury. For example, if the Government strikes 1, 5 and 7 and the defendant strikes 2, 4 and 9, then 3, 6, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 become the final jury, including the alternates. If both sides strike one or more of the same jurors, then the fourteen unstruck jurors with the lowest numbers will be seated. Once the jury selection is completed, the jurors' names will be read again and they will be seated in the jury box and sworn. The Court may alter the procedure in its discretion.

15.     Jurors may take notes. Note pads will be distributed at the beginning of each trial. The note pads will be collected at the end of each day and locked in the jury room. Jurors will be instructed on the use of notes both in the preliminary and final jury instructions.

**GENERAL DECORUM**

16.     A trial is a rational and civilized inquiry to seek a just result.  Counsel are expected to conduct themselves with dignity and decorum at all times.  Disruptive tactics or appeals to prejudice are not acceptable.

17.     Colloquy between counsel on the record is not permitted -- all remarks are to be addressed to the Court.

18.     Vigorous advocacy does not preclude courtesy to opposing counsel and witnesses and respect for the Court.  Addressing witnesses or parties by first names or the Court by "Judge" or "Sir" on the record is not appropriate.

19.     Counsel shall not engage in activity at counsel table or move about the courtroom while opposing counsel is arguing or questioning witnesses, or in other ways cause distraction.  Neither counsel nor client should indicate approval, disapproval or otherwise react to any testimony or argument.

**OPENING STATEMENTS**

20.     Each side will have a predetermined time limit for its opening statement.  Counsel must cooperate and meet and confer to exchange any visuals, graphics or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions.  Opening statements will commence as soon as the jury is sworn.  Opening statements should be limited to an objective summary of what counsel expects the evidence to show; no argument or discussion of the law is permissible.

**WITNESSES**

21.     At the close of each trial day, all counsel shall exchange a list of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness).  Within 24 hours of such notice, all other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment).  The first notice shall be exchanged prior to the first day of trial.  All such notice should be provided in writing.

United States District Court
For the Northern District of California

7

22.     The parties shall have all upcoming witnesses on the same day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually be deemed to constitute resting.

23.     A witness or exhibit not listed in the joint pretrial statement may not be used without good cause. This rule does not apply to true rebuttal witnesses (other than rebuttal experts who must be listed). Defense witnesses are considered case-in-chief witnesses, not "rebuttal" witnesses.

24.     Counsel shall stand at or near the podium to ask questions, straying only to point out material on charts or overheads. Counsel should request permission from the Court to approach the witness or the bench.

25.     Counsel shall treat witnesses with courtesy and respect, and not become familiar (*e.g.*, avoiding the use of first or nick-names).

26.     Counsel shall pose brief, direct and simply stated questions, covering one point at a time. Leading questions may be used for background or routine matters.

27.     Cross-examination similarly should consist of brief, simple questions. Cross-examination should not be a restatement of the direct examination and should not be used for discovery.

28.     If the Court has made *in limine* rulings limiting testimony in a particular subject area, counsel are encouraged to request a sidebar in the event they believe a particular line of inquiry may implicate the Court's prior ruling. In the event this is necessary, counsel should request a sidebar and simply advise the Court that the request pertains to a pretrial ruling.

## EXHIBITS

29.     Prior to the Final Pretrial Conference, counsel must meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over the precise exhibit.

30.     Use numbers only, not letters, for exhibits. Blocks of numbers should be assigned to fit the need of the case (*e.g.*, Government has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once. If one party

United States District Court
For the Northern District of California

8

has marked an exhibit, then another party should not re-mark the exact document with another number. Different *versions* of the same document, *e.g.*, a copy with additional handwriting, must be treated as different exhibits with different numbers. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. _____," not as "Government's Exhibit" or "Defendant's Exhibit." The jury should always hear any given exhibit referred to by its unique number. There should be no competing versions of the same exhibit number; any discrepancies must be brought to the Court's attention promptly.

31.    The exhibit tag shall be in the following form:

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# TRIAL EXHIBIT 100

CASE NO. _____

DATE ENTERED_____

BY _____
DEPUTY CLERK

---

Counsel preferably will make the tag up in a color that will stand out (yet still allow for photocopying) but that is not essential. Place the tag on or near the lower right-hand corner or, if a photograph, on the back. Counsel should fill in the tag but leave the last two spaces blank. The parties must jointly prepare a *single* set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal. Each exhibit must be tagged and in a separate folder (not in notebooks). Deposit the exhibits with the deputy clerk on the first day of trial. The tags can be adhesive or stapled on.

32.    Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If there are any differences, counsel should bring them promptly to the Court's attention.

33.     In addition to the official record exhibits, two copies of the joint sent of bench binders containing a copy of the exhibits must be provided to the Court on the first day of trial. Each exhibit must be separated with a label divider (an exhibit tag is unnecessary for the bench set). In large letters, the labels should identify the range of exhibit numbers contained in a binder.

34.     Before the closing arguments, counsel must confer with the deputy clerk to make sure the exhibits in evidence are in good order. Counsel may, but are not required to, jointly provide a revised list of all exhibits actually in evidence (and no others) stating the exhibit number and a brief, non-argumentative description (*e.g.*, letter from A. B. Case to D. E. Frank, dated August 17, 1999). This list may go into the jury room to help the jury sort through exhibits in evidence.

35.     Exhibit notebooks for the jury will not be permitted. Publication must be by poster blow-up, overhead projection, or such other method as is allowed in the circumstances. Poster blow-ups should be about 4' x 6' to be seen by all jurors. Any overhead projector should have a powerful light to help in jury viewing. Counsel must have a practical means for all important documents to be published to the jury. It is permissible to highlight, circle or underscore in the enlargements so long as it is clear that it was not on the original. The Court will not allow monitors and screens in the jury box — one large monitor or screen, if any, should be used.

**OBJECTIONS**

36.     Counsel shall stand when making objections, briefly cite the ground of the objection and a citation (*e.g.* hearsay, Federal Rule of Evidence 802), and shall not make speaking objections.

37.     There can only be one lawyer per witness per party for all purposes, including objections. Only one lawyer will be permitted to make the opening statement and closing argument unless the Court has given prior approval to more than one lawyer doing so.

38.     Side bar conferences are discouraged. The procedure described above should eliminate the need for most side bar conferences.

10

1    39.    To maximize jury time, counsel must alert the Court in advance of any problems
2    that will require discussion outside the presence of the jury, so that the conference can be held
3    before court begins or after the jury leaves for the day.

4                                       **STIPULATIONS**

5    40.    You must read all stipulations to the jury (slowly) in order for them to become a
6    part of the record.

7                                   **CHARGING CONFERENCE**

8    41.    As the trial progresses and the evidence is heard, the Court will fashion a
9    comprehensive set of jury instructions to cover all issues actually being tried.  Prior to the close
10   of the evidence, the Court will provide a draft final charge to the parties.  After a reasonable
11   period for review, one or more charging conferences will be held at which each party may object
12   to any passage, ask for modifications, or ask for additions.  Any instruction request must be
13   renewed specifically at the conference or it will be deemed waived, whether or not it was
14   requested prior to trial. If, however, a party still wishes to request an omitted instruction after
15   reviewing the Court's draft, then it must affirmatively re-request it at the charging conference in
16   order to give the Court a fair opportunity to correct any error.  Otherwise, as stated, the request
17   will be deemed abandoned or waived.

18   **IT IS SO ORDERED.**

19

20                                                          JEFFREY S. WHITE
21                                                          JEFFREY S. WHITE
                                                            UNITED STATES DISTRICT JUDGE
22

23   7/06 Rev.

24

25

26

27

28

United States District Court
For the Northern District of California